J. Scott Carr (SBN 136706)
scarr@kcozlaw.com
Abigail Stecker Romero (SBN 284534)
aromero@kcozlaw.com
KABAT CHAPMAN & OZMER LLP
333 S. Grand Ave, Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333

Attorneys for Defendant HYATT CORPORATION d/b/a HYATT REGENCY SACRAMENTO (*erroneously sued as both "Hyatt Corporation" and "Hyatt Corporation d/b/a Hyatt Regency Sacramento*")

Galen T. Shimoda (SBN 226752)
attorney@shimodalaw.com
Justin P. Rodriguez (SBN 278275)
jrodriguez@shimodalaw.com
Brittany V. Berzin (SBN 325121)
bberzin@shimodalaw.com.
Shimoda Law Corp.
9401 E. Stockton Blvd., Suite 120,
Elk Grove, CA 95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733

Attorneys for Plaintiff Janice Insixiengmay, individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE INSIXIENGMAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HYATT CORPORATION, a Delaware Corporation; HYATT CORPORATION DBA HYATT REGENCY SACRAMENTO, an unknown association; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:18-cv-02993-TLN-DB<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY DUE TO COVID-19 PANDEMIC**<br><br><br>Complaint Removed: Nov. 15, 2018 |

1
STIPULATION AND ORDER TO STAY DISCOVERY

Defendant Hyatt Corporation d/b/a Hyatt Regency Sacramento ("Hyatt") and Plaintiff Janice Insixiengmay ("Plaintiff") hereby stipulate to a stay of the discovery period for approximately 90 days in light of the unique and unprecedented impact of the COVID-19 pandemic, and state as follows:

**<u>STIPULATION</u>**

WHEREAS, Plaintiff initiated this action by filing a Complaint against Defendant in the Sacramento Superior Court on October 4, 2018 (D.E. 1-1);

WHEREAS, Defendant timely removed this action to this Court on November 15, 2018 (D.E. 1);

WHEREAS, Plaintiff moved to remand this action back to Sacramento Superior Court on December 13, 2018 (D.E. 4);

WHEREAS, on March 11, 2020, the World Health Organization classified the virus outbreak commonly known as "Coronavirus" or "COVID-19" as a pandemic;[1]

WHEREAS, on March 12, 2020, this Court recognized the COVID-19 virus outbreak in General Order No. 610;

WHEREAS, on March 19, 2020, Governor Gavin Newsom issued a "stay at home order" to slow the spread of COVID-19;[2]

WHEREAS, this Court recognized the increasing severity of the COVID-19 pandemic on March 17, 2020 (General Order 611), March 18, 2020 (General Order 612), March 25, 2020 (General Order 613), and March 30, 2020 (General Order 614);

WHEREAS, this Court denied Plaintiff's remand motion on March 27, 2020 and ordered the Parties to conduct a Rule 26(f) conference and submit a scheduling report no later than April 29, 2020 (D.E. 17);

---

[1] *See Basank v. Decker*, --- F. Supp. 3d ----, 2020 WL 1481503, at *2 (S.D.N.Y. 2020) ("On March 11, 2020, the World Health Organization ('WHO') declared COVID-19 a global pandemic.").

[2] *See* General Order 611 (Mar. 17, 2020) ("the Governor of the State of California has declared a public health emergency throughout the State in response to the spread of COVID-19, and strongly encouraged certain segments of the population to remain at home at the current time").

1     WHEREAS, on April 1, 2020, the Parties conducted a Rule 26(f) conference;

2     WHEREAS, during the Rule 26(f) conference, the Parties discussed the specific and severe impact of the COVID-19 pandemic on Hyatt's operations, including that: (1) the Hyatt Regency Sacramento Hotel where Plaintiff was employed is currently closed and will be closed at least through May 15, 2020 and potentially longer; and (2) Hyatt's corporate operations have been drastically impacted by the COVID-19 pandemic;

    WHEREAS, the COVID-19 pandemic is causing an extreme and undue hardship on Hyatt and will make it exceedingly difficult for Hyatt to further investigate Plaintiff's claims, prepare written discovery, prepare initial disclosures, respond to written discovery and identify and gather documents for production, and/or produce witnesses for deposition in the foreseeable future;

    WHEREAS, the Parties agree that a stay of the discovery period for 90 days is reasonably necessary given the unprecedented impact of the COVID-19 pandemic;

    WHEREAS, the Parties have not requested any prior stays or extensions in this action;

    NOW THEREFORE, the Parties stipulate to a 90-day stay of the discovery period through and including July 2, 2020, subject to this Court's approval. The Parties further stipulate to provide the Court a status update by June 26, 2020 regarding whether they believe a further stay is necessary and, if not, a proposed scheduling order.

KABAT CHAPMAN & OZMER LLP

Dated: April 6, 2020     By: /s/ Abigail Stecker Romero
                                J. Scott Carr
                                Abigail Stecker Romero

Attorneys for Defendant

SHIMODA LAW CORP.

Dated: April 6, 2020     By: /s/ Justin P. Rodríguez *(as authorized on April 6, 2020)*
                                Galen T. Shimoda
                                Justin P. Rodríguez
                                Brittany V. Berzin

Attorneys for Plaintiff

**ORDER**

The COURT, having considered the above stipulation, HEREBY ORDERS that:

1. Discovery is stayed for 90 days, through and including July 2, 2020; and

2. The Parties must submit to the Court a report no later than June 26, 2020 regarding whether any further stay of discovery is necessary and, if not, a proposed scheduling order.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: April 7, 2020

_____
Troy L. Nunley
United States District Judge