Galen T. Shimoda (Cal. State Bar No. 226752)
Justin P. Rodriguez (Cal. State Bar No. 278275)
Brittany V. Berzin (Cal. State Bar No. 325121)
**Shimoda Law Corp.**
9401 East Stockton Boulevard, Suite 120
Elk Grove, CA 95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733
Email: attorney@shimodalaw.com
   jrodriguez@shimodalaw.com

Attorneys for Plaintiff JANICE INSIXIENGMAY,
on behalf of herself and similarly situated employees

Joseph W. Ozmer II (SBN 316203)
J. Scott Carr (SBN 136706)
KABAT CHAPMAN & OZMER LLP
333 S. Grand Ave., Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333
Email: jozmer@kcozlaw.com
   scarr@kcozlaw.com

Attorneys for Defendants HYATT CORPORATION
d/b/a HYATT REGENCY SACRAMENTO (*erroneously sued as both "Hyatt Corporation" and "Hyatt Corporation dba Hyatt Regency Sacramento*)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE INSIXIENGMAY, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>HYATT CORPORATION, a Delaware Corporation;<br>HYATT CORPORATION DBA HYATT REGENCY SACRAMENTO, an unknown association; and<br>DOES 1 to 100, inclusive,<br><br>   Defendants. | **Case No. 2:18-cv-02993-TLN-DB**<br><br>**STIPULATION AND ORDER TO AMEND THE COURT'S AMENDED PRETRIAL SCHEDULING ORDER TO CONTINUE PHASE I DISCOVERY**<br><br><br>Complaint Filed: October 4, 2018<br>FAC Filed:   April 7, 2020 |

---

**STIPULATION & ORDER TO CONTINUE PHASE I DISCOVERY**  2:18-cv-02993-TLN-DB  1

This Stipulation and proposed Order is entered into between Plaintiff JANICE INSIXIENGMAY ("Plaintiff") and Defendant HYATT CORPORATION d/b/a HYATT REGENCY SACRAMENTO (*erroneously sued as both "Hyatt Corporation" and "Hyatt Corporation dba Hyatt Regency Sacramento"*) ("Defendant") (all collectively, the "Parties"), by and through their counsel of record, as follows:

WHEREAS, the Court entered an Amended Pretrial Scheduling Order on August 3, 2020 (Document No. 29) providing that Phase I discovery regarding facts that are relevant to whether this action should be certified as a class action shall be completed within two hundred forty (240) days (*i.e.,* March 31, 2021);

WHEREAS, Plaintiff and Defendant have propounded and responded to written discovery and have produced a substantial number of documents but have not yet taken depositions;

WHEREAS, counsel for Plaintiff and Defendant have been proactively meeting and conferring regarding responses to the written discovery and electronic samples of time and pay records that have been provided thus far and continuing questions to determine the completeness of the production to avoid unnecessary utilization of the Court's resources;

WHEREAS, while the meet and confer process is ongoing, it is taking a substantial amount of time due to the volume of information and nature of the requests to complete the production of electronic data;

WHEREAS, counsel for Plaintiff and Defendant are working to complete agreed upon samplings of wage and time record data and coordinate depositions, but Defendant has encountered difficulties in obtaining the requested data in electronic form;

WHEREAS, as a result of a prior informal discovery conference on February 19, 2021 with Hon. Deborah Barnes, the Court suggested a stipulation and order to continue the factual discovery deadline, which was granted on February 26, 2021, continuing the deadline to June 1, 2021;

WHEREAS, the Parties are in the process of scheduling depositions of Plaintiff and Rule 30(b)(6) designees of Defendant;

WHEREAS, Defendant will wish to depose any putative class members who provide declarations;

WHEREAS, to allow the Parties to continue to work cooperatively through the discovery issues without requiring formal discovery orders on motions to compel, the Parties believe additional time is necessary to complete Phase I discovery and agree there is good cause to continue the deadline for Phase I discovery approximately sixty (60) days;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the approval of the Court, as follows:

1. The Court's Amended Pretrial Scheduling Order (Document No. 29) will be further amended to continue the deadline to complete Phase I discovery regarding facts that are relevant to whether this action should be certified as a class action to August 2, 2021.

**Shimoda Law Corp.**

Dated: May 25, 2021        By:    /s/ Justin P. Rodriguez
                                  Galen T. Shimoda
                                  Justin P. Rodriguez
                                  Brittany V. Berzin
                                  Attorneys for Plaintiff


KABAT CHAPMAN & OZMER LLP

Dated: May 25, 2021        By:    /s/ J. Scott Carr
                                  Joseph W. Ozmer II
                                  J. Scott Carr (as authorized on 5/25/2021)

                                  Attorneys for Defendants

| | |
|---|---|
| 1 | **ORDER** |
| 2 | The COURT, having considered the above stipulation and finding good cause, HEREBY |
| 3 | ORDERS that: |
| 4 | The Court's Amended Pretrial Scheduling Order (Document No. 29) will be further amended to |
| 5 | continue the deadline to complete Phase I discovery regarding facts that are relevant to whether this |
| 6 | action should be certified as a class action to August 2, 2021. The Amended Pretrial Scheduling Order |
| 7 | will remain in effect in all other respects. |
| 9 | IT IS SO ORDERED. |
| 12 | Dated: May 25, 2021 |

Troy L. Nunley
United States District Judge