Galen T. Shimoda (Cal. State Bar No. 226752)
Justin P. Rodriguez (Cal. State Bar No. 278275)
Brittany V. Berzin (Cal. State Bar No. 325121)
**Shimoda Law Corp.**
9401 East Stockton Boulevard, Suite 120
Elk Grove, CA 95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733
Email: attorney@shimodalaw.com
jrodriguez@shimodalaw.com

Attorneys for Plaintiff JANICE INSIXIENGMAY,
on behalf of herself and similarly situated employees

Joseph W. Ozmer II (SBN 316203)
J. Scott Carr (SBN 136706)
KABAT CHAPMAN & OZMER LLP
333 S. Grand Ave., Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333
Email: jozmer@kcozlaw.com
scarr@kcozlaw.com

Attorneys for Defendants HYATT CORPORATION
d/b/a HYATT REGENCY SACRAMENTO (*erroneously sued as both "Hyatt Corporation" and "Hyatt Corporation dba Hyatt Regency Sacramento*)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE INSIXIENGMAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HYATT CORPORATION, a Delaware Corporation;<br>HYATT CORPORATION DBA HYATT REGENCY SACRAMENTO, an unknown association; and<br>DOES 1 to 100, inclusive,<br><br>Defendants. | **Case No. 2:18-cv-02993-TLN-DB**<br><br>**STIPULATION AND ORDER TO AMEND THE COURT'S AMENDED PRETRIAL SCHEDULING ORDER TO CONTINUE PHASE I DISCOVERY**<br><br><br>Complaint Filed:  October 4, 2018<br>FAC Filed:  April 7, 2020 |

1  This Stipulation and proposed Order is entered into between Plaintiff JANICE INSIXIENGMAY
2  ("Plaintiff") and Defendant HYATT CORPORATION d/b/a HYATT REGENCY SACRAMENTO
3  (*erroneously sued as both "Hyatt Corporation" and "Hyatt Corporation dba Hyatt Regency*
4  *Sacramento"*) ("Defendant") (all collectively, the "Parties"), by and through their counsel of record, as
5  follows:
6  WHEREAS, the Court entered an Amended Pretrial Scheduling Order on August 3, 2020
7  (Document No. 29) providing that Phase I discovery regarding facts that are relevant to whether this
8  action should be certified as a class action shall be completed within two hundred forty (240) days (*i.e.,*
9  March 31, 2021);
10 WHEREAS, as a result of a prior informal discovery conference on February 19, 2021, with
11 Hon. Deborah Barnes, the Court suggested a stipulation and order to continue the factual discovery
12 deadline, which was granted on February 26, 2021, continuing the deadline to June 1, 2021 (Document
13 No. 39);
14 WHEREAS, the Court further amended the Amended Pretrial Scheduling Order (Document No.
15 29) on May 25, 2021 to continue the Phase I discovery deadline to August 2, 2021 (Document No. 41)
16 to provide Defendant with additional time to produce electronic copies of time and pay records for a
17 sample of employees the parties agreed to, as Defendant encountered difficulties in obtaining the
18 requested data in electronic form;
19 WHEREAS, thereafter Defendant continued to attempt to obtain and produce the data in
20 electronic form but encountered additional difficulties;
21 WHEREAS, on or about July 15, 2021 Defendant's counsel informed Plaintiff's counsel that
22 Defendant now intends to produce time and pay records from its hard copies because it was ultimately
23 unable to obtain complete electronic data;
24 WHEREAS, Defendant requires additional time to produce these documents due to the volume
25 of the information;
26 WHEREAS, Plaintiff will need an opportunity to review these records prior to taking depositions
27 and preparing a motion for class certification;
28

WHEREAS, the Parties agree the depositions of Plaintiff and Rule 30(b)(6) designees of Defendant should take place after the time and pay records are produced;

WHEREAS, the parties are meeting and conferring to set dates for these depositions;

WHEREAS, Defendant will also wish to depose any putative class members who provide declarations;

WHEREAS, to allow the Parties to continue to work cooperatively through the discovery issues without requiring formal discovery orders on motions to compel, the Parties believe additional time is necessary to complete Phase I discovery and agree there is good cause to continue the deadline for Phase I discovery approximately ninety (90) days;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the approval of the Court, as follows:

1. The Court's Amended Pretrial Scheduling Order (Document No. 41) will be further amended to continue the deadline to complete Phase I discovery regarding facts that are relevant to whether this action should be certified as a class action to November 2, 2021.

**Shimoda Law Corp.**

Dated: July 29, 2021    By:   /s/ Justin P. Rodriguez
                              Galen T. Shimoda
                              Justin P. Rodriguez
                              Brittany V. Berzin
                              Attorneys for Plaintiff


KABAT CHAPMAN & OZMER LLP

Dated: July 29, 2021    By:   /s/ J. Scott Carr
                              Joseph W. Ozmer II
                              J. Scott Carr (as authorized on 7/29/21)
                              Attorneys for Defendants

**ORDER**

The COURT, having considered the above stipulation and finding good cause, HEREBY ORDERS that:

The Court's Amended Pretrial Scheduling Order (Document No. 41) will be further amended to continue the deadline to complete Phase I discovery regarding facts that are relevant to whether this action should be certified as a class action to November 2, 2021. The Amended Pretrial Scheduling Order will remain in effect in all other respects.

IT IS SO ORDERED.

Dated: July 29, 2021

Troy L. Nunley
United States District Judge