Galen T. Shimoda (Cal. State Bar No. 226752)
Justin P. Rodriguez (Cal. State Bar No. 278275)
Brittany V. Berzin (Cal. State Bar No. 325121)
**Shimoda Law Corp.**
9401 East Stockton Boulevard, Suite 120
Elk Grove, CA 95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733
Email: attorney@shimodalaw.com
        jrodriguez@shimodalaw.com

Attorneys for Plaintiff JANICE INSIXIENGMAY,
on behalf of herself and similarly situated employees

Joseph W. Ozmer II (SBN 316203)
J. Scott Carr (SBN 136706)
KABAT CHAPMAN & OZMER LLP
333 S. Grand Ave., Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333
Email: jozmer@kcozlaw.com
        scarr@kcozlaw.com

Attorneys for Defendants HYATT CORPORATION
d/b/a HYATT REGENCY SACRAMENTO (*erroneously sued as both "Hyatt Corporation" and "Hyatt Corporation dba Hyatt Regency Sacramento*)

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE INSIXIENGMAY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HYATT CORPORATION, a Delaware Corporation; HYATT CORPORATION DBA HYATT REGENCY SACRAMENTO, an unknown association; and DOES 1 to 100, inclusive, <br><br> Defendants. | **Case No. 2:18-cv-02993-TLN-DB** <br><br> **STIPULATION AND ORDER TO AMEND THE COURT'S AMENDED PRETRIAL SCHEDULING ORDER TO CONTINUE PHASE I DISCOVERY** <br><br><br> Complaint Filed:  October 4, 2018 <br> FAC Filed:  April 7, 2020 |

This Stipulation and proposed Order is entered into between Plaintiff JANICE INSIXIENGMAY ("Plaintiff") and Defendant HYATT CORPORATION d/b/a HYATT REGENCY SACRAMENTO (*erroneously sued as both "Hyatt Corporation" and "Hyatt Corporation dba Hyatt Regency Sacramento"*) ("Defendant") (all collectively, the "Parties"), by and through their counsel of record, as follows:

WHEREAS, the Court entered an Amended Pretrial Scheduling Order on August 3, 2020 (Document No. 29) providing that Phase I discovery regarding facts that are relevant to whether this action should be certified as a class action shall be completed within two hundred forty (240) days (*i.e.,* March 31, 2021);

WHEREAS, as a result of a prior informal discovery conference on February 19, 2021, with Hon. Deborah Barnes, the Court suggested a stipulation and order to continue the factual discovery deadline, which was granted on February 26, 2021, continuing the deadline to June 1, 2021 (Document No. 39);

WHEREAS, the Court further amended the Amended Pretrial Scheduling Order (Document No. 29) on May 25, 2021 to continue the Phase I discovery deadline to August 2, 2021 (Document No. 41) to provide Defendant with additional time to produce electronic copies of time and pay records for a sample of employees the parties agreed to, as Defendant encountered difficulties in obtaining the requested data in electronic form;

WHEREAS, thereafter Defendant continued to attempt to obtain and produce the data in electronic form but encountered additional difficulties;

WHEREAS, on or about July 15, 2021 Defendant's counsel informed Plaintiff's counsel that Defendant now intends to produce time and pay records from its hard copies because it was ultimately unable to obtain complete electronic data;

WHEREAS, thereafter because Defendant needed additional time, the parties submitted a stipulation and order to continue the Phase I discovery deadline, which was granted and continued November 2, 2021 (Document No. 44);

//

//

WHEREAS, thereafter because Defendant needed additional time, the parties submitted a stipulation and order to continue the Phase I discovery deadline, which was granted and continued to February 2, 2022 (Document No. 46);

WHEREAS, the Parties met and conferred on January 4, 2022 and determined that Defendant requires more time to produce these documents due to unexpected absences from Defendant's counsel's staff due to Covid, a death in the family, and the volume of the documents to be produced;

WHEREAS, on January 18, 2022, Defendant produced the time and pay records;

WHEREAS, Plaintiff will need an opportunity to review these records prior to taking depositions and preparing a motion for class certification;

WHEREAS, the Parties agree the depositions of Plaintiff and Rule 30(b)(6) designees of Defendant should take place after the time and pay records are produced;

WHEREAS, the parties are meeting and conferring to set dates for these depositions;

WHEREAS, Defendant will also wish to depose any putative class members who provide declarations;

WHEREAS, on or about October 26, 2021, Plaintiff filed a Notice of Related Action (*Christine Crump v. Hyatt Corporation* Case No. 4:20-cv-00295-HSG, United States District Court Northern District of California) (Document No. 47);

WHEREAS, Plaintiff has learned that Defendant has agreed to a settlement in the related action;

WHEREAS, Plaintiff is unaware of the terms of the settlement agreement and believes it could affect some of Plaintiff's claims;

WHEREAS, Defendant's counsel has represented he is unaware of the terms of the settlement agreement;

WHEREAS, according to a joint statement filed in the related action, counsel in the related action anticipate filing a motion for preliminary approval of settlement by the end of January 2022;

WHEREAS, to allow Plaintiff time to determine the terms of the settlement agreement in the related case and for the Parties to continue to work cooperatively through the discovery issues without requiring formal discovery orders on motions to compel, the Parties believe additional time is necessary

to complete Phase I discovery and agree there is good cause to continue the deadline for Phase I discovery approximately one hundred twenty (120) days;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the approval of the Court, as follows:

1.      The Court's Amended Pretrial Scheduling Order (Document No. 46) will be further amended to continue the deadline to complete Phase I discovery regarding facts that are relevant to whether this action should be certified as a class action to June 2, 2022.


**Shimoda Law Corp.**


Dated: January 18, 2022              By:   /s/ Justin P. Rodriguez
                                           Galen T. Shimoda
                                           Justin P. Rodriguez
                                           Brittany V. Berzin
                                           Attorneys for Plaintiff



KABAT CHAPMAN & OZMER LLP


Dated: January 18, 2022              By:   /s/ J. Scott Carr
                                           Joseph W. Ozmer II
                                           J. Scott Carr (as authorized on January 18, 2022)
                                           Attorneys for Defendants

1
2
3
4

**ORDER**

5       The COURT, having considered the above stipulation and finding good cause, HEREBY

6   ORDERS that:

7       The Court's Amended Pretrial Scheduling Order (Document No. 46) will be further amended to

8   continue the deadline to complete Phase I discovery regarding facts that are relevant to whether this

9   action should be certified as a class action to June 2, 2022.  The Amended Pretrial Scheduling Order will

10  remain in effect in all other respects.

11

12  IT IS SO ORDERED.

13

14
    Dated:  January 18, 2022
15
                                          _____
16                                        Troy L. Nunley
                                          United States District Judge
17
18
19
20
21
22
23
24
25
26
27
28

---