Galen T. Shimoda (Cal. State Bar No. 226752)
Justin P. Rodriguez (Cal. State Bar No. 278275)
Brittany V. Berzin (Cal. State Bar No. 325121)
**Shimoda & Rodriguez Law, PC**
9401 East Stockton Boulevard, Suite 120
Elk Grove, CA 95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733
Email: attorney@shimodalaw.com
       jrodriguez@shimodalaw.com

Attorneys for Plaintiff JANICE INSIXIENGMAY,
on behalf of herself and similarly situated employees

Joseph W. Ozmer II (SBN 316203)
J. Scott Carr (SBN 136706)
KABAT CHAPMAN & OZMER LLP
333 S. Grand Ave., Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333
Email: jozmer@kcozlaw.com
       scarr@kcozlaw.com

Attorneys for Defendants HYATT CORPORATION
d/b/a HYATT REGENCY SACRAMENTO (*erroneously sued as both "Hyatt Corporation" and "Hyatt Corporation dba Hyatt Regency Sacramento*)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANICE INSIXIENGMAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HYATT CORPORATION, a Delaware Corporation;<br>HYATT CORPORATION DBA HYATT REGENCY SACRAMENTO, an unknown association; and<br>DOES 1 to 100, inclusive,<br><br>Defendants. | **Case No. 2:18-cv-02993-TLN-DB**<br><br>**STIPULATION AND ORDER TO AMEND THE COURT'S AMENDED PRETRIAL SCHEDULING ORDER TO CONTINUE PHASE I DISCOVERY**<br><br><br><br>Complaint Filed:   October 4, 2018<br>FAC Filed:          April 7, 2020 |

This Stipulation and proposed Order is entered into between Plaintiff JANICE INSIXIENGMAY ("Plaintiff") and Defendant HYATT CORPORATION d/b/a HYATT REGENCY SACRAMENTO (*erroneously sued as both "Hyatt Corporation" and "Hyatt Corporation dba Hyatt Regency Sacramento"*) ("Defendant") (all collectively, the "Parties"), by and through their counsel of record, as follows:

WHEREAS, the Court entered an Amended Pretrial Scheduling Order on August 3, 2020 (Document No. 29) providing that Phase I discovery regarding facts that are relevant to whether this action should be certified as a class action shall be completed within two hundred forty (240) days (*i.e.,* March 31, 2021);

WHEREAS, as a result of a prior informal discovery conference on February 19, 2021, with Hon. Deborah Barnes, the Court suggested a stipulation and order to continue the factual discovery deadline, which was granted on February 26, 2021, continuing the deadline to June 1, 2021 (Document No. 39);

WHEREAS, the Court further amended the Amended Pretrial Scheduling Order (Document No. 29) on May 25, 2021 to continue the Phase I discovery deadline to August 2, 2021 (Document No. 41) to provide Defendant with additional time to produce electronic copies of time and pay records for a sample of employees the parties agreed to, as Defendant encountered difficulties in obtaining the requested data in electronic form;

WHEREAS, thereafter Defendant continued to attempt to obtain and produce the data in electronic form but encountered additional difficulties;

WHEREAS, on or about July 15, 2021 Defendant's counsel informed Plaintiff's counsel that Defendant would produce time and pay records from its hard copies because it was ultimately unable to obtain complete electronic data;

WHEREAS, thereafter to because Defendant needed additional time to produce the documents and because the Parties needed more time for depositions, the parties submitted additional stipulations and orders to continue the Phase I discovery deadline, which were granted, making the current deadline November 2, 2022 (Document Nos. 44, 46, 49, 52, 54, and 56);

//

WHEREAS, the depositions of Plaintiff and the Rule 30(b)(6) designee of Defendant have been completed;

WHRERAS, the Parties have agreed to participate in mediation and have a mediation scheduled for March 20, 2023, with Gig Kyriacou;

WHEREAS, the Parties would like to extend the deadline to complete Phase 1 discovery to 60 days after the mediation date to avoid incurring any unnecessary fees and costs;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the approval of the Court, as follows:

1. The Court's Amended Pretrial Scheduling Order (Document No. 56) will be further amended to continue the deadline to complete Phase I discovery regarding facts that are relevant to whether this action should be certified as a class action to May 19, 2023.

**Shimoda & Rodriguez Law, PC**

Dated: October 18, 2022      By:   /s/ Justin P. Rodriguez
                                   Galen T. Shimoda
                                   Justin P. Rodriguez
                                   Brittany V. Berzin
                                   Attorneys for Plaintiff


KABAT CHAPMAN & OZMER LLP

Dated: October 18, 2022      By:   /s/ J. Scott Carr
                                   Joseph W. Ozmer II
                                   J. Scott Carr (as authorized on 10/18/22)
                                   Attorneys for Defendants

**ORDER**

The COURT, having considered the above stipulation and finding good cause, HEREBY ORDERS that:

The Court's Amended Pretrial Scheduling Order (Document No. 56) will be further amended to continue the deadline to complete Phase I discovery regarding facts that are relevant to whether this action should be certified as a class action to May 19, 2023. The Amended Pretrial Scheduling Order will remain in effect in all other respects.

IT IS SO ORDERED.

Dated: October 18, 2022

Honorable Troy L. Nunley
US District Judge