Galen T. Shimoda (Cal. State Bar No. 226752)
Justin P. Rodriguez (Cal. State Bar No. 278275)
Brittany V. Berzin (Cal. State Bar No. 325121)
**Shimoda & Rodriguez Law, PC**
9401 East Stockton Boulevard, Suite 120
Elk Grove, CA 95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733
Email: attorney@shimodalaw.com
         jrodriguez@shimodalaw.com

Attorneys for Plaintiff JANICE INSIXIENGMAY,
on behalf of herself and similarly situated employees

Joseph W. Ozmer II (SBN 316203)
J. Scott Carr (SBN 136706)
KABAT CHAPMAN & OZMER LLP
333 S. Grand Ave., Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333
Email: jozmer@kcozlaw.com
         scarr@kcozlaw.com

Attorneys for Defendants HYATT CORPORATION
d/b/a HYATT REGENCY SACRAMENTO (*erroneously sued as both "Hyatt Corporation" and "Hyatt Corporation dba Hyatt Regency Sacramento*)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANICE INSIXIENGMAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HYATT CORPORATION, a Delaware Corporation;<br>HYATT CORPORATION DBA HYATT REGENCY SACRAMENTO, an unknown association; and<br>DOES 1 to 100, inclusive,<br><br>Defendants. | **Case No. 2:18-cv-02993-TLN-DB**<br><br>**STIPULATION AND ORDER TO VACATE THE COURT'S AMENDED PRETRIAL SCHEDULING ORDER**<br><br><br><br>Complaint Filed:   October 4, 2018<br>FAC Filed:          April 7, 2020 |

This stipulation and proposed order is entered into between Plaintiff JANICE INSIXIENGMAY ("Plaintiff") and Defendant HYATT CORPORATION d/b/a HYATT REGENCY SACRAMENTO (*erroneously sued as both "Hyatt Corporation" and "Hyatt Corporation dba Hyatt Regency Sacramento"*) ("Defendant") (all collectively, the "Parties"), by and through their counsel of record, as follows:

WHEREAS, the Court entered an Amended Pretrial Scheduling Order on August 3, 2020 (Document No. 29) providing that Phase I discovery regarding facts that are relevant to whether this action should be certified as a class action shall be completed within two hundred forty (240) days (*i.e.,* March 31, 2021);

WHEREAS, as a result of a prior informal discovery conference on February 19, 2021, with Hon. Deborah Barnes, the Court suggested a stipulation and order to continue the factual discovery deadline, which was granted on February 26, 2021, continuing the deadline to June 1, 2021 (Document No. 39);

WHEREAS, the Court further amended the Amended Pretrial Scheduling Order (Document No. 29) on May 25, 2021 to continue the Phase I discovery deadline to August 2, 2021 (Document No. 41) to provide Defendant with additional time to produce electronic copies of time and pay records for a sample of employees the parties agreed to, as Defendant encountered difficulties in obtaining the requested data in electronic form;

WHEREAS, thereafter Defendant continued to attempt to obtain and produce the data in electronic form but encountered additional difficulties;

WHEREAS, on or about July 15, 2021 Defendant's counsel informed Plaintiff's counsel that Defendant would produce time and pay records from its hard copies because it was ultimately unable to obtain complete electronic data;

WHEREAS, thereafter because Defendant needed additional time to produce the documents and because the Parties needed more time for depositions, the parties submitted additional stipulations and orders to continue the Phase I discovery deadline, which were granted, making the current deadline May 19, 2023 (Document Nos. 44, 46, 49, 52, 54, 56, and 58);

//

WHEREAS, the depositions of Plaintiff and the Rule 30(b)(6) designee of Defendant have been completed;

WHEREAS, the Parties participated in mediation on March 20, 2023, and reached a resolution;

WHEREAS, the Parties are working to memorialize the resolution into a written agreement and finalize all terms;

WHEREAS, once the Parties have a final written agreement, Plaintiff will seek Court approval of the settlement;

WHEREAS, Plaintiff intends to complete all settlement and approval paperwork such that a hearing for preliminary approval of a class action and PAGA settlement can be set in June 2023;

WHEREAS, in light of the resolution, the Parties would like to vacate the Court's Amended Pretrial Scheduling Order (Document No. 29) and amendment to the Amended Pretrial Scheduling Order (Document No. 58) so that they can focus on finalizing the settlement and seeking Court approval;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the approval of the Court, as follows:

1. The Court's Amended Pretrial Scheduling Order (Document No. 29) and subsequent amendment to the Amended Pretrial Scheduling Order (Document No. 58) be vacated.

**Shimoda & Rodriguez Law, PC**

Dated: April 4, 2023    By:  /s/ Justin P. Rodriguez
Galen T. Shimoda
Justin P. Rodriguez
Brittany V. Berzin
Attorneys for Plaintiff

KABAT CHAPMAN & OZMER LLP

Dated: April 4, 2023    By:  /s/ J. Scott Carr
J. Scott Carr (as authorized on 4/4/23)
Attorneys for Defendant

**ORDER**

The COURT, having considered the above stipulation and finding good cause, HEREBY ORDERS that:

The Court's Amended Pretrial Scheduling Order (Document No. 29) and amendment to the Amended Pretrial Scheduling Order (Document No. 58) will be vacated to allow the Parties to seek Court approval of the proposed class and PAGA settlement. To the extent a motion for preliminary approval is not filed by May 26, 2023, the Parties shall file a joint status report no later than May 26, 2023 informing the Court of the status of settlement and approval paperwork.

IT IS SO ORDERED.

Dated: April 4, 2023

Troy L. Nunley
United States District Judge