Galen Shimoda (Cal. State Bar No. 226752)
Justin Rodriguez (Cal. State Bar No. 278275)
Brittany V. Berzin (Cal. State Bar No. 325121)
**Shimoda & Rodriguez Law, PC**
9401 East Stockton Blvd., Suite 120
Elk Grove, CA  95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733
E-mail: attorney@shimodalaw.com
        jrodriguez@shimodalaw.com
        bberzin@shimodalaw.com

Attorneys for Plaintiff JANICE INSIXIENGMAY on behalf of herself and putative class members

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE INSIXIENGMAY, individually and on behalf of all others similarly situated, | Case No. 2:18-cv-02993-TLN-DB |
| Plaintiff, | **SECOND AMENDED COMPLAINT** |
| vs. | **CLASS ACTION** |
| HYATT CORPORATION DBA HYATT REGENCY SACRAMENTO, a Delaware Corporation; and DOES 1 to 100, inclusive, | 1. **Failure to Pay Overtime Wages**<br>2. **Meal Period Violations**<br>3. **Rest Period Violation**<br>4. **Wage Statement Violations**<br>5. **Waiting Time Penalties**<br>6. **Unfair Competition**<br>7. **Private Attorneys General Act** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff JANICE INSIXIENGMAY ("Plaintiff") hereby files this Complaint against Defendants HYATT CORPORATION DBA HYATT REGENCY SACRAMENTO, a Delaware Corporation; and DOES 1 to 100 (HYATT CORPORATION DBA HYATT REGENCY SACRAMENTO and DOES 1 to 100 hereinafter collectively referred to as "Defendants").  Plaintiff is informed and believes, and on the basis of that information and belief, alleges as follows:

**INTRODUCTION**

1. This is a class action and representative Private Attorneys General Act action brought by Plaintiff on behalf of herself and putative class members (sometimes hereinafter referred to as "Plaintiffs") seeking unpaid overtime, meal period premiums, rest period premiums, and statutory and civil penalties for violations of the California Labor Code.

**PARTIES**

2. Plaintiff is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

3. Plaintiff is informed and believes and thereupon alleges that HYATT CORPORATION DBA HYATT REGENCY SACRAMENTO is now and/or at all times mentioned in this Complaint was a Delaware Corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

4. DOES 1 through 100 are persons or entities whose true names and identities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants are responsible in some manner for the matters alleged herein, and are jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

5. At all times mentioned herein, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment. The Defendants are jointly and severally liable to Plaintiffs.

6. Defendants, and each of them, are now and or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise. Defendants are also "joint employers" as they controlled the terms and conditions of Plaintiff's employment.

7. Defendants, and each of them, are now and or at all times mentioned in this Complaint approved, ratified, acquiesced, aided or abetted the acts and omissions alleged in this Complaint.

8. Defendants proximately caused Plaintiff to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

## JURISDICTION AND VENUE

9. The United States District Court for the Eastern District of California found on or about March 17, 2020, that it had jurisdiction in this matter under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d).

10. Venue is proper as this action was removed to the district court in which the state court action was pending. *See* 28 U.S.C. §§ 1390(c), 1441(a).

11. Plaintiff has sought permission pursuant to Labor Code section 2699 *et seq.* to pursue the claims set forth in this Complaint against Defendants as a Private Attorney General on behalf of herself and other aggrieved employees. Pursuant to California Labor Code section 2699.3, Plaintiff gave written notice via online submission to the Labor and Workforce Development Agency ("LWDA") on approximately October 5, 2018. Plaintiff provided facts and legal bases for her claims within the notice to the LWDA on all violations asserted under the Private Attorneys General Act cause of action. Plaintiff also submitted the $75.00 filing fee. The October 5, 2018 notice was also sent via certified mail to Defendants on the same day. Plaintiff is informed and believes that, to date, the LWDA has not provided any response to Plaintiff's notice correspondence. Accordingly, Plaintiff is informed and believes that she has exhausted all administrative remedies pursuant to the Private Attorneys General Act ("PAGA") and may bring this action on behalf of herself and all aggrieved employees. *See* Cal. Lab. Code § 2699.3(a)(2)(A), (c)(3); *Caliber Bodyworks, Inc., v. Sup. Ct.*, 134 Cal.App.4th 365, 383 n.18, 385 n.19 (2005). The parties entered into a tolling agreement regarding Plaintiff's PAGA claims that tolled all applicable statutes of limitations to Plaintiff's PAGA claims between February 15, 2019 to March 24, 2020.

## CLASS ALLEGATIONS

12. Plaintiff brings the First through Sixth Causes of Action on behalf of herself and all others similarly situated as a class action pursuant to California Code of Civil Procedure § 382. The subclasses which Plaintiff seeks to represent is composed of, and defined, as follows:

> All non-exempt employees who are currently or were formerly employed by Defendant at the Hyatt Regency in Sacramento, California, at any time between October 4, 2014, and the present up to, and including, certification of the proposed class.

13. This action may be maintained as a class action because there is a well-defined community of interests in the litigation and the proposed class is easily ascertainable.

14. <u>Numerosity</u>: The proposed class is so numerous that the individual joinder of all members is impracticable. While the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes that more than nine hundred and eighty (980) individuals were subjected to the practices outlined in this Complaint relating to the First through Sixth Causes of Action.

15. <u>Common Questions Predominate</u>: Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over questions that affect only individual class members. These common questions of law and fact include, without limitation, the following:

(1) Whether Defendants had a policy and/or practice in place to calculate putative class members' regular rates of pay taking into account all non-discretionary remuneration;

(2) Whether Defendants had a policy and/or practice in place to calculate putative class members' meal and rest period premiums taking into account all non-discretionary remuneration;

(3) Whether Defendants had a policy and/or practice in place to calculate putative class members' overtime rates of pay taking into account all non-discretionary remuneration;

(4) Whether Defendants had a policy and/or practice in place to calculate putative class members' sick leave pay rates of pay taking into account all non-discretionary remuneration;

(5) Whether as a result of Defendants' payroll policies, or lack thereof, they failed to pay putative class members overtime wages for all hours worked in excess of eight (8) hours in a day;

(6) Whether as a result of Defendants' payroll policies, or lack thereof, they failed to pay putative class members overtime wages for all hours worked in excess of forty (40) hours in a week;

(7) Whether as a result of Defendants' payroll policies, or lack thereof, Defendants' employees were given paystubs that did not reflect total hours worked by the putative class members as required by Labor Code 226;

(8) Whether Defendants had a policy and/or practice in place to authorize and permit putative class members to take all meal periods owed to them;

(9) Whether Defendants had a policy and/or practice in place to authorize and permit putative class members' to take all rest periods owed to them;

(10) Whether as a result of Defendants' payroll policies, or lack thereof, putative class members' were given paystubs that did not reflect all applicable hourly rates and the corresponding number of hours worked at each hourly rate as required by Labor Code 226; and

(11) Whether as a result of Defendants' payroll policies, or a lack thereof, putative class members' received all wages, due and owing, at the time of their termination/separation.

16. <u>Typicality</u>: Plaintiff's claims are typical of the claims for putative class members. Plaintiff and putative class members were hourly employees who actually were not compensated for all meal and rest period premiums and overtime hours worked as a result of Defendants failing to take into account all non-discretionary remuneration when calculating Plaintiff's and putative class members' meal and rest period premiums, overtime rate of pay and sick leave wages. Additionally, as a result of Defendants' inaccurate calculations and compensation, Plaintiff and putative class members were not provided legally compliant paystubs and did not receive all wages due to them upon their separation or termination.

17. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of putative class members. Plaintiff has no interests which are adverse to those of absent class members.

1  Additionally, Plaintiff has retained counsel who has substantial experience in complex civil litigation
2  and employment law matters.

3   18. *Superiority*: A class action is superior to other available means for the fair and
4  efficient adjudication of the controversy as there is no plain, speedy, or adequate remedy other than
5  by maintenance of this class action.  The critical issues in the First through Sixth Causes of Action
6  revolve around the legal requirement to pay employees for all overtime hours worked, the regular
7  rate of pay calculations, and meal and rest period premiums.  All other issues in the First through
8  Sixth Causes of Action in this case, *e.g.* wage statement violations, waiting time penalties, and unfair
9  competition derive from this requirement.  Failure to maintain this suit as a class action would result
10 in multiple suits involving the same legal analysis and factual scenarios.  Furthermore, the damages
11 suffered by each individual member of the class may be relatively small, the expenses and burden of
12 individual litigation relatively high, and such costs may make it difficult or impossible for individual
13 members of the class to redress the wrongs done to them.

14  19. Plaintiff is unaware of any difficulties that are likely to be encountered in the
15 management of this action that would preclude its maintenance as a class action.

16 **FACTUAL ALLEGATIONS**

17  20. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 19 as though fully
18 set forth herein.

19  21. Plaintiff has worked for Defendants since approximately April 22, 2015 as a non-exempt
20 employee.  Plaintiff and putative class members were non-exempt employees who received various
21 forms of non-discretionary remuneration, sick leave pay, overtime, and meal and/or rest period
22 premiums.  Plaintiff and putative class members regularly worked over eight (8) hours in a day or forty
23 (40) hours in a week, incurring overtime.  Plaintiff and putative class members were also prevented from
24 taking all meal and rest periods they were entitled to, being paid meal and rest period premiums on
25 occasions.  Defendants did not correctly incorporate the value of the non-discretionary remuneration into
26 Plaintiff's and putative class members' regular rate of pay when calculating overtime, meal and rest
27 period premiums, or sick leave pay.

28

22. Defendants also failed to authorize and permit Plaintiff and putative class members to take all uninterrupted thirty (30) minute meal periods and ten (10) minute rest periods owed to them, including second meal periods and third rest periods when they worked over ten hours in one shift. This was due in part to Defendants' failure to schedule other employees as relief to cover during meal and rest periods. Defendants failed to incorporate the value of all non-discretionary remuneration for the purpose of calculating Plaintiff's and putative class members' regular rate of pay.

23. Defendants failed to provide Plaintiff and putative class members with legally compliant paystubs. The paystubs Defendants issued did not itemize the accurate regular and overtime rates of pay, accurate missed meal and rest period premiums owed, accurate total hours worked, and gross and net wages earned. As a result, Plaintiff and putative class members were not able to determine the total wages owed to them from their paystubs alone.

24. As a result of Defendants' policies, at the time of their termination or separation, Plaintiff and putative class members had amounts for overtime, sick leave pay, and meal and rest period premiums owing to them. To date, Defendants still have not paid all these wages owed to Plaintiff and putative class members.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### (As to all Defendants)

25. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 24 as though fully set forth herein.

26. During the period Plaintiff and putative class members were employed by Defendants, Defendants were required to compensate them one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day. *See, e.g.*, Cal. Labor Code §§ 510, 1194.

27. Plaintiff and putative class members frequently worked in excess of eight (8) hours per day and/or forty (40) hours per week while employed by Defendants; however, Defendants incorrectly calculated Plaintiff's and putative class members' regular and overtime pay, wholly failing to pay the

value of overtime wages attributable to the additional non-discretionary remuneration. This resulted in Defendants not compensating Plaintiff and putative class members for all overtime hours worked.

28. Plaintiff and putative class members were non-exempt employees under the administrative, executive, or professional exemptions, the applicable Wage Order, and California Labor Code section 510.

29. Defendants' conduct described herein violates California Labor Code sections 510, 1194, and the applicable Wage Order. As a proximate result of Defendants' conduct, Plaintiff and putative class members have been damaged and deprived of overtime wages. Plaintiff and putative class members now seek these wages, as well as attorney's fees and costs and interest pursuant to California Labor Code section 1194.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL PERIODS OR PAYMENT IN LIEU THEREOF
**(As to all Defendants)**

30. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 29 as though fully set forth herein.

31. An employer must provide an employee meal and rest periods in accordance with the applicable Wage Order, and Labor Code sections 226.7 and 512.

32. Labor Code section 226.7, 512 and Wage Order 5, section 11(A) require an employer to provide a duty-free meal period of not less than 30 minutes for each work period of more than five (5) hours. If an employee works longer than 10 hours in a workday, the employer must provide a second meal period.

33. An employer must pay an employee an additional one hours pay at their regular rate of pay if the employee is not provided the legally required meal period.

34. Plaintiff alleges that Defendants did not authorize and permit Plaintiff and putative class members to take all meal periods owed to them. Additionally, although Defendants acknowledged meal period premiums were owed to Plaintiff and putative class members on numerous occasions, Defendants did not account for the value of all non-discretionary remuneration when calculating the regular rate of pay owed for the meal period premium. Thus, amounts still remain owed to Plaintiff and putative class members for earned meal period premiums.

35. As a proximate cause of Defendants' actions, Plaintiff and putative class members are entitled to the full value of the meal period premiums that have not yet been paid. Labor Code §226.7 and Wage Order 5-2001, §§11(B) and 12(B).

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS OR PAYMENT IN LIEU THEREOF
### (As to all Defendants)

36. Plaintiff incorporates by reference and re-allege paragraphs 1 through 35 as though fully set forth herein.

37. An employer must provide an employee rest periods in accordance with the applicable Wage Order and Labor Code section 226.7.

38. Wage Order 5-2001, section 12(A) requires every employer to authorize and permit employees to take rest periods. For each four (4) hours or fraction thereof worked by the employee, the employee shall receive ten (10) minutes net rest time. *See* Wage Order 5-2001 § 12(A).

39. Plaintiff alleges that Defendants failed to authorize and permit Plaintiff and putative class members all rest periods owed to them. Additionally, Defendants failed to pay rest period premiums at the appropriate rate as it failed to account for the value of all non-discretionary remuneration when calculating the rest period premiums owed to Plaintiff and putative class members.

40. As a proximate cause of Defendants' failure to "authorize and permit" meal and rest periods, Plaintiff and putative class members are entitled to one (1) hour of pay at the employees' regular rate of compensation for each rest period not provided, as a wage, from three (3) years of the filing of this Complaint. *See* Cal. Lab. Code § 226.7; IWC Wage Order 5-2001 § 12(B).

41. Plaintiff and putative class members suffered damages proximately caused by Defendants, and each of their agent's, as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### FOURTH CAUSE OF ACTION
### WAGE STATEMENT VIOLATIONS
### (As to all Defendants)

42. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 41 as though fully set forth herein.

43. According to Labor Code section 226(a), an employer must provide an itemized statement to an employee, semi-monthly or at the time of each payment of wages, showing:

> *(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California*

44. Plaintiff alleges that Defendants intentionally and knowingly failed to provide an accurate and complete itemized statement showing the requirements set forth in Labor Code section 226(a).  Defendants did not accurately itemize total hours worked, all applicable hourly rates, correct meal and rest period premium rates, sick leave pay rates or the corresponding number of hours worked at each hourly rate.  As a result, Plaintiff and putative class members were unable to determine the amount of unpaid wages owed to them.

45. As a proximate cause of Defendants' failure to provide accurate statements, Plaintiff and putative class members were damaged as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**FIFTH CAUSE OF ACTION**
**WAITING TIME PENALTIES**
**(As to all Defendants)**

46. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 45 as though fully set forth herein.

47. An employer must pay an employee who is terminated all unpaid wages immediately upon termination.  Labor Code § 201.

48. An employer must pay an employee who resigns all unpaid wages within seventy-two (72) hours of resignation. Labor Code § 202.

49. Plaintiff and putative class members did not receive all overtime wages, meal and rest premiums, and sick leave pay owed to them at their separation or termination.

50. An employer who willfully fails to pay an employee wages in accordance with Labor Code sections 201 and/or 202 must pay the employee a waiting time penalty of up to thirty (30) days. Labor Code § 203.

51. Defendants knew of their obligation to pay Plaintiff and similarly situated individuals for all hours worked, including overtime wages, sick leave pay, and the correct meal and rest period premiums because their time and pay records showed that these wages were being earned but were not being compensated correctly due to the failure to correctly calculate the regular rate of pay. Thus, Defendants' failure to pay for all hours worked was in complete disregard of their obligations. Such conduct shows Defendants' knowledge of its obligation to pay all wages owed upon termination and willful refusal.

52. As a proximate result of Defendants' conduct, Plaintiff has been damaged and deprived of her wages and thereby seek her and putative class members' waiting time penalties due.

### SIXTH CAUSE OF ACTION
### UNFAIR COMPETITION
### (As to all Defendants)

53. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 52 as though fully set forth herein.

54. Unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with section 17500) of Part 3 of Division 7 of the Business and Professions Code. Business and Professions Code § 17200.

55. Plaintiff is informed and believes and thereon alleges that Defendants did not pay Plaintiff and putative class members all wages owed, including meal and rest period premiums and overtime wages, and sick leave pay in violation of California Labor Code sections 226.7, 510, 512 and 1194, and applicable Wage Orders.

56. Plaintiff is also informed and believes and thereon alleges that such actions and/or conduct constitute a violation of the California Unfair Competition Law ("UCL") (Business and Professions Code 17200 *et seq.*) pursuant to *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163 (2000).

57. As a direct and legal result of the Defendants' conduct, as alleged herein, pursuant to the UCL (including B&P Code § 17203), Plaintiff and putative class members are entitled to restitution as a result of Defendants' unfair business practices, including, but not limited to, interest and penalties pursuant to B&P §§ 17203, 17208, for the violations of Labor Code sections 226.7, 510, 512, 1194 and applicable Wage Orders.

## SEVENTH CAUSE OF ACTION
## PRIVATE ATTORNEYS GENERAL ACT
## (As to all Defendants)

58. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 57 as though fully set forth herein.

59. Plaintiff has alleged to the Labor Commissioner that Defendants have violated the following provisions of the Labor Code in their dealings with Plaintiff and other similarly situated current and former employees:

- Violation of Labor Code §§ 510, 1194, IWC Wage Order No. 5 § 3 (Failure to Pay Overtime Wages)
- Violation of Labor Code §§ 226, 226.3 (Failure to Provide Accurate Wage Statements)
- Violation of Labor Code §§ 201-203, 256 (Failure to Pay Final Wages)
- Violation of Labor Code § 558 and 558.1 (Provisions Regulating Hours and Days of Work in Any Industrial Welfare Commission Order)
- Violation of Labor Code §§ 226.7, 512, IWC Wage Order No. 5 §§ 11(A) and 11(B) (Failure to Provide Meal Periods or Pay Premiums in Lieu Thereof)
- Violation of Labor Code §§ 226.7, IWC Wage Order No. 5 § 12(A) (Failure to Provide Rest Periods or Pay Premiums in Lieu Thereof)
- Violation of Labor Code §§ 246, 247, 247.5, 248.5 (Failure to Provide Paid Sick Leave)

60. Plaintiff seeks civil penalties against Defendants as provided in the Labor Code, or, if no civil penalty is provided, default penalties pursuant to Labor Code section 2699(f)(2).

61. Plaintiff seeks these civil penalties from Defendants pursuant to Labor Code sections 2699(a) and 2699.3.

## DAMAGES

WHEREFORE, Plaintiff requests relief as follows:

1. A Jury trial;
2. <u>As to the First Cause of Action:</u>
   a. Wages in an amount proven at trial;
   b. Interest for the wages due pursuant to Labor Code section 1194;
   c. For reasonable attorney's fees and costs incurred pursuant to Labor Code section 1194;
3. <u>As to the Second and Third Causes of Action:</u>
   a. For wages in an amount proven at trial;
   b. For attorney's fees and costs and interest pursuant to Labor Code sections 218.5 and 218.6, and California Code of Civil Procedure section 1021.5;
4. <u>As to the Fourth Cause of Action:</u>
   a. Penalties as provided for in Labor Code section 226, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurred and one hundred dollars ($100) per employee for each violation in the subsequent pay periods, but not to exceed four thousand dollars ($4,000);
   b. For reasonable attorney's fees and costs incurred pursuant to Labor Code section 226(e);
5. <u>As to the Seventh Cause of Action:</u>
   a. For civil penalties as provided for in the Labor Code for each enumerated violation;

   b. For those Labor Code sections, the violation of which there is no civil penalty provided, the default penalty provided in Labor Code section 2699(f): for any initial violation, one hundred dollars ($100) for each aggrieved employee per pay period. For any subsequent violation, two hundred dollars ($200) for each aggrieved employee per pay period;

   c. Reasonable attorney's fees and costs pursuant to Labor Code section 2699;

   d. For any other remedies as allowed by law and/or deemed appropriate by the Court;

  6. <u>As to All Causes of Action:</u>

   a. For other such relief as this Court may deem just and proper;

   b. Attorney's fees as provided by law; and

   c. Interest as provided by law.

Dated: April 6, 2023      **Shimoda & Rodriguez Law, PC**

            By: <u>/s/ Justin P. Rodriguez</u>
              Galen Shimoda
              Justin Rodriguez
              Brittany V. Berzin
              Attorneys for Plaintiff

*Insixiengmay v. Hyatt Corporation*
Eastern District of CA, Case No. 2:18-cv-02993-TLN-DB

**PROOF OF SERVICE — F.R.C.P., Rule 5**

I, Elias Tapia, declare that:

I am a citizen of the United States and am over the age of eighteen years and not a party to the within above-entitled action.

On April 6, 2023, I served the following documents on the party below:

- SECOND AMENDED COMPLAINT

| | |
|---|---|
| J. Scott Carr (SBN 136706)<br>Kristapor Vartanian (SBN 275378)<br>KABAT CHAPMAN & OZMER LLP<br>333 S. Grand Ave., Ste. 2225<br>Los Angeles, CA 90071<br>Phone: (213) 493-3980<br>Fax: (404) 400-7333<br>Email: scarr@kcozlaw.com<br>       kvartanian@kcozlaw.com | |

[XXX]   [By Mail] I am familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service and that each day's mail is deposited with the United States Postal Service that same day in the ordinary course of business. On the date set forth above, I served the aforementioned document(s) on the parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing on this date, following ordinary business practices, at Salt Lake City, Utah, addressed as set forth above.

[   ]   [By Personal Service] By personally delivering a true copy thereof to the office of the addressee above.

[   ]   [By Electronic Mail] I e-mailed the documents(s) to the person(s) shown above. No error was reported by the e-mail service that I used.

[   ]   [By Courier] By causing a true copy and/or original thereof to be personally delivered via two day courier service: _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on April 6, 2023, at Elk Grove, California .

_____
Elias Tapia

**PROOF OF SERVICE**