# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE INSIXIENGMAY, individually and on behalf of all other similarly situated employees,<br><br>    Plaintiff,<br><br>    vs.<br><br>HYATT CORPORATION DBA HYATT REGENCY SACRAMENTO, a Delaware Corporation; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No. 2:18-cv-02993-TLN-DB<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT** |

Plaintiff Janice Insixiengmay ("Plaintiff") filed this putative class action on October 4, 2018. The operative Complaint alleges that Defendant Hyatt Corporation dba Hyatt Regency Sacramento ("Defendant") failed to pay overtime, failed to provide meal periods of premiums in lieu thereof, failed to provide rest periods or premiums in lieu thereof, failed to provide accurate wage statements, failed to timely pay final wages, and engaged in unfair competition.  Plaintiff has also alleged Defendant is liable for a civil penalties under the Private Attorneys General Act ("PAGA") based on these violations.  Plaintiff sought attorneys' fees and costs as part of this Action.  Defendant denied all of Plaintiff's claims and denied that this case was appropriate for class treatment.  No class has been certified.

The parties have agreed to settle the class and PAGA claims.  Defendant will provide monetary consideration in exchange for a release of claims consistent with the terms of the proposed settlement as set forth in the Joint Stipulation Regarding Class Action and PAGA Settlement and Release ("Agreement" or "Settlement").  Any capitalized terms herein shall have the same meaning as set forth in the Agreement.  The Court, having received and considered Plaintiff's Motion for Preliminary Approval of Class Action and PAGA Settlement, the declarations in support, the Agreement, the proposed Notice of Settlement, and other evidence, HEREBY ORDERS AND MAKES DETERMINATIONS AS FOLLOWS:

### I. PRELIMINARILY CERTIFYING A SETTLEMENT CLASS; APPOINTMENT OF CLASS REPRESENTATIVES; APPOINTMENT OF CLASS COUNSEL

The Court finds that certification of the following class for settlement purposes only is appropriate under Rule 23(b)(3) and 23(e) of the Federal Rules of Civil Procedure and related case law:

> All non-exempt employees who are currently or were formerly employed by Defendant at the Hyatt Regency in Sacramento, California between October 4, 2014, and June 1, 2023

The Court recognizes that the foregoing definition is for Class Member identification purposes only and is not intended to capture the claims at issue or limit or alter the released claims under the Agreement.  The Court finds that Class Members meet the ascertainability and numerosity requirements since the parties can identify with a matter of certainty, based on payroll records, approximately 980 individuals that fall within the definition of Class Members.  The number of Class Members involved in

this case would make joinder impractical.  The commonality and predominance requirements are met for settlement purposes since there are questions of law and fact common to Class Members.  The common questions of law or fact in this case all stem from Plaintiff's contentions that Defendant caused the violations outlined above by failing to incorporate the value of all types of non-discretionary remunerations into Class Members' regular rates of pay for the purpose of paying overtime, paid sick time, and meal and rest period premiums.  Additionally, Plaintiff alleged the existence of scheduling practices and working conditions that she contended caused her and similarly situated employees to miss all meal and rest periods they were legally entitled to.  The PAGA, waiting time penalty, wage statement violation, and unfair competition claims also derive from these violations.  Additionally, Class Members seek the same remedies under state law.  The typicality requirement for settlement purposes is also satisfied since the claims of the Class Representative is based on the same facts and legal theories as those applicable to the class members.

The Court also finds that preliminarily and conditionally certifying the settlement class is required to avoid each Class Member from litigating similar claims individually.  This Settlement will achieve economies of scale for Class Members with relatively small individual claims and conserve the resources of the judicial system.

The Court finds that Plaintiff Janice Insixiengmay and Plaintiff's counsel, Galen T. Shimoda Justin P. Rodriguez, and Brittany V. Berzin of Shimoda & Rodriguez Law, PC, to be adequate representatives of the settlement class.  The Court appoints them as Class Representative and Class Counsel, respectively.

## II. PRELIMINARILY APPROVING CLASS ACTION AND PAGA SETTLEMENT

The Court has reviewed the Agreement, which was submitted with Plaintiff's Motion as Exhibit A.  The Court finds, on a preliminary and conditional basis, that the Settlement is fair, reasonable, and adequate and falls within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.  The Court finds the Settlement was agreed upon only after extensive investigation, litigation, and arms-length negotiations by counsel experienced in complex litigation, who took reasonable steps and measures to weigh the potential value of the disputed claims against the risks of continued litigation.  The Court also acknowledges that Class Members may present any objections to

the Settlement at a fairness hearing approved by this Court or opt-out of being bound by the preliminarily approved Agreement. The Court preliminarily approves the Agreement and all terms therein as if stated here in full, including the $295,000 Gross Settlement Amount.

The Court approves of CPT Group, Inc. acting as the Settlement Administrator in this case and hereby appoints them to fulfill those duties as outlined in the Agreement.

The Court approves of the Ten Thousand ($10,000) PAGA Payment, which shall be paid from the Gross Settlement Amount, not in addition to the Gross Settlement Amount, to resolve the alleged PAGA claims. Seventy-Five percent (75%) of the PAGA Payment will be paid to the Labor and Workforce Development Agency ("LWDA") and Twenty-Five percent (25%) will be paid to Aggrieved Employees on a pro rata basis as described in the Agreement. The Court also finds that, under the facts and circumstances of this case, the Agreement provides a recovery that creates an effective, substantial deterrent to any potential future non-compliance, furthering the purpose of the Labor Code and LWDA.

The Court approves of the identified *cy pres* beneficiaries and distribution plan wherein any checks issued to Participating Class Members and/or Aggrieved Employees that are not cashed by the deadline to do so shall be donated equally, *i.e.,* 50/50, to Capital Pro Bono, Inc., and the Center for Workers' Rights. *See In re Microsoft I-V Cases*, 135 Cal.App.4th 706, 718 (2006). No portion of the Gross Settlement Amount will revert to Defendant for any reason.

The releases and waivers for Class Members who do not opt out of being bound by the Agreement (*i.e.,* Participating Class Members), Aggrieved Employees, and the Class Representative are also approved by the Court as set forth in the Agreement.

At this stage of preliminary approval, the Court does not make any determination on the specific amount of attorney's fees and costs, Settlement Administrator Costs, or Class Representative Enhancement Payment that may ultimately be awarded in connection with the Court's review at final approval. However, the Court finds that the common fund doctrine may be appropriate in this case because there is a sufficiently identifiable class of beneficiaries (*i.e.* Class Members), the benefits that Plaintiff and Class Counsel were able to negotiate on behalf of Class Members can be accurately traced as set forth in the Agreement, and the fee can be shifted with exactitude to those benefiting as the fee request is a specific, lump-sum percentage of the Gross Settlement Amount. *See Laffitte v. Robert Half*

*Internat., Inc.*, 1 Cal.5th 480, 506 (2016); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 477-478 (1980) ("A lawyer who recovers a common fund for the benefit of persons other than . . . her client is entitled to a reasonable attorney's fee from the fund as a whole."). The amounts allocated under the Agreement for attorney's fees and costs, for an Enhancement Payment to the Class Representative, and Settlement Administrator Costs shall be included in the Notice of Settlement to enable Class Members to review and comment thereon. The Court will consider the reaction of Class Members when evaluating the reasonableness of the requested amounts at final approval. *See In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555, 71 (C.D. Cal. 2005) ("the absence of objections or disapproval by class members to class counsel's fee request further supports finding the fee request reasonable"). Plaintiff and Class Counsel are directed to provide information in connection with the motion for final approval that will enable the Court to assess the appropriateness of any requested fee percentage, to perform a lodestar cross check of the requested fee percentage, and to quantify the amount of time spent by Plaintiff on this case and any further risks and/or burdens incurred as a result of acting as a Class Representative. Class Counsel is also directed to provide an updated declaration and itemization regarding actual litigation costs incurred. The Settlement Administrator shall also submit a declaration attesting to Settlement Administrator Costs incurred. The Court will review these amounts and allocations in connection with the final approval hearing. To the extent the Court ultimately awards less than the amounts allocated under the Agreement for attorney's fees and costs, for an Enhancement Payment to the Class Representative, and/or Settlement Administrator Costs, the difference between the amounts awarded and the amounts requested shall be added to the Net Settlement Amount for distribution to Participating Class Members pro rata as set forth in the Agreement. Plaintiff shall file the motion for attorneys' fees and costs, Class Representative Enhancement Payment, and Settlement Administrator Costs no later than fifteen (15) calendar days before the end of the class notice period. The motion shall be heard on the same day as the final fairness hearing.

///

///

///

### III. APPROVAL OF THE DISTRIBUTION METHOD OF NOTICE TO THE CLASS, INCLUDING THE NOTICE OF SETTLEMENT

The Court finds that the proposed Notice of Settlement, which was submitted with Plaintiff's Motion as Exhibit F, fairly and adequately advises Class Members of the terms of the Agreement, the rights being waived, their right to opt out, the ability to dispute the number of workweeks worked during the Class Period, their pro rata share of the Net Settlement Amount, how to participate in the settlement, how to file documentation in opposition to the proposed settlement, and when to appear at the fairness hearing to be conducted on the date set forth below.  The Court further finds that the Notice of Settlement and proposed distribution of such notice by maintaining a website accessible to Class Members and sending copies of the Notice of Settlement by first class mail to each identified Class Member at his or her most recent address based on a National Change of Address database search from the Class Members' last known address and a skip trace on any Class Members who have the Notice of Settlement returned as "undeliverable" or "not at this address" comports with all constitutional requirements, including those of due process.  The Court finds that the notification procedures set forth in the Agreement provide the best notice practicable under the circumstances of this case.

The Court also finds that because there is a strong interest in providing Class Members the opportunity to participate in the settlement, along with the Parties' efforts to minimize any intrusion to privacy rights, the sharing of employment information, including social security numbers, is not a serious intrusion on their privacy rights.  Hence, the Court orders Defendant to provide first and last name, last known mailing address, social security number, and total number of Qualifying Workweeks to the Settlement Administrator only, and not to Plaintiff or Class Counsel, in order to process this settlement as contemplated within the Agreement and approved by this Order.  The Settlement Administrator shall only use this information for the purposes identified in the Agreement and shall keep this information confidential consistent with the terms of the Agreement.

///

///

///

///

## IV. IMPLEMENTATION SCHEDULE

Accordingly, with good cause shown, the Court hereby approves and orders that the following implementation schedule be adhered to:

| | |
|---|---|
| Last day for Defendant to provide Settlement Administrator with Class Member and Aggrieved Employee information | Within 14 calendar days after the Preliminary Approval Date |
| Last day for Settlement Administrator to complete NCOA search, update Class Member and Aggrieved Employee mailing information, and mail Notice of Settlement | Within 14 calendar days after the Settlement Administrators' receipt of Class Members' information from Defendant |
| Last day for Class Counsel to file Motion for Attorney's Fees and Costs, Settlement Administrator Costs, and an Enhancement Payment to the Class Representative | At least 15 calendar days before the conclusion of the Notice Period |
| Last day for Class Members to opt-out, submit disputes, submit objections, and submit data requests | 45 calendar days after mailing of Notice of Settlement or within 10 days after Notice of Settlement is re-mailed, whichever is later |
| Last day for Settlement Administrator to provide Parties with signed declaration reporting on settlement administration statistics, including, but not limited to, the number of Class Members who opted out of the Settlement | Within 14 calendar days after end of the Notice Period |
| Last day for Defendant to provide notice of, and exercise, right of withdrawal based on the number of opt-outs pursuant to Section 7.5.2 | Within 14 calendar days after the Settlement Administrator provided signed declaration reporting on settlement administration statistics, including, but not limited to, the number of Class Members who opted out of the Settlement. |

### FINAL APPROVAL AND HEARING

The Court hereby grants Plaintiff's Motion and sets a final approval hearing **on September 19, 2024, at 2:00 p.m.**, with briefs and supporting documentation to be submitted according to the Federal Rules of Civil Procedure, in this Department. Participating Class Members who object in a timely

manner as set forth in the Agreement, may appear and present such objections at the fairness hearing in person or by counsel.

If for any reason the Court does not grant final approval of the Agreement, all evidence and proceedings held in connection therewith shall be without prejudice to the status quo and rights of the parties to the litigation, including all challenges to personal jurisdiction and to class certification for any purpose other than approving a settlement class. The parties will revert to their respective positions as if no settlement had been reached at all.

**IT IS SO ORDERED.**

Date: March 11, 2024

Troy L. Nunley
United States District Judge