UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE INSIXIENGMAY, individually and on behalf of all other similarly situated employees,<br><br>    Plaintiff,<br><br>    vs.<br><br>HYATT CORPORATION DBA HYATT REGENCY SACRAMENTO, a Delaware Corporation; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No. 2:18-cv-02993-TLN-DB<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS, REPRESENTATIVE ENHANCEMENT, AND SETTLEMENT ADMINISTRATOR COSTS** |

1    TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

2        Pursuant to the Court's March 12, 2024, Order Granting Plaintiff's Motion for Preliminary
3    Approval of Class Action and PAGA Settlement (Doc. No. 77), Plaintiff's Motion for Attorney's Fees
4    and Costs, Representative Enhancement, and Settlement Administrator Costs ("Motion") in the above
5    referenced case came on for hearing before this Court, on September 19, 2024, at 2:00 p.m., the
6    Honorable Troy L. Nunley, presiding.

7        The Court, having received and considered Plaintiff's Motion, the declarations in support,
8    documents filed by the parties in connection with the Motion, the oral arguments of counsel, and other
9    evidence, HEREBY ORDERS AND MAKES DETERMINATIONS AS FOLLOWS:

10       1.    Notice to the Class, including information regarding the amount to be requested for an
11   award of attorney's fees and costs, a Representative Enhancement, and Settlement Administrator Costs,
12   was directed to Class Members in a reasonable manner, and complied with Rule 23(h)(1) of the Federal
13   Rules of Civil Procedure.

14       2.    Class Members have been given the opportunity to object in compliance with Rule
15   23(h)(2) of the Federal Rules of Civil Procedure.

16       3.    No Class Member has objected to the requested attorney's fees and costs, the
17   Representative Enhancement, or the Settlement Administrator Costs being requested.

18       4.    The settlement agreement provides that Class Counsel may seek up to 35% of the
19   common fund settlement created in this case plus their reasonably incurred litigation expenses.  Class
20   Counsel seeks $103,250.00 in attorney's fees, plus $29,051.07 in reasonably incurred litigation
21   expenses, as provided in the settlement agreement.  Defendant does not object to these amounts.

22       5.    The declarations submitted in support of the motion demonstrates that the attorneys
23   representing the class have the experience and qualifications necessary to represent the Class.  The
24   results obtained on behalf of the class also demonstrate Class Counsels' skill and quality of work.

25       6.    Class counsel have substantiated their common fund fee request of 35% with a
26   declaration describing the complexity and risks associated with this case, the quality of Class Counsel
27   and the results obtained, and the risks and financial burden undertaken by Class Counsel in agreeing to
28   litigate this matter on a contingency basis over five and a half (5 ½) years.  The 35% fee request also

1  falls within range of percentages awarded in similar class action settlements generally and wage and
2  hour class settlements specifically.  The lack of objections to the attorney's fees request is further
3  evidence of its reasonableness.

4        7.     A lodestar cross check supports Class Counsel's attorneys fee request as being
5  reasonable.  Class counsel has provided a declaration detailing the billing practices, billing rates, hours
6  worked, work tasks performed and corresponding lodestar for the time invested into this case.  The
7  declaration demonstrates a lodestar of approximately $396,947.50 as of May 8, 2024.  Counsel note that
8  this does not include work performed in further communicating with Class Members and the Settlement
9  Administrator, preparing the case for final approval, and overseeing implementation of the settlement
10 after final approval and through the final disbursement of money and compliance hearing.

11       8.     The Court finds that the hourly rates charged by Class Counsel (Galen T. Shimoda: $725;
12 Justin P. Rodriguez: $625; Brittany V. Berzin: $425, Renald Konini $425) are within the prevailing
13 range of hourly rates charged by attorneys who provide similar services in wage and hour class actions
14 in California.  Furthermore, the Sacramento County Superior Court has approved Class Counsel at these
15 rates as of November 2022.  The Court finds that the total hours worked by Class Counsel are
16 reasonable, given the nature of the case and the defenses presented, the work Class Counsel had to
17 undertake, the manner in which Class Counsel allocated their work, and the results achieved.

18       9.     Based on a fee request of $103,250.00, the declarations of class counsel documenting
19 their lodestar shows that a fee award of this amount would result in a negative multiplier.  Class Counsel
20 would otherwise be entitled to a positive multiplier of their total lodestar.  *See Ketchum v. Moses*, 24
21 Cal.4th 1122, 1133-1132, 1138 (2001) (reasoning that contingency fees should be higher than fees for
22 the same legal services paid concurrently with the provision of the services).  While the Court finds a
23 multiplier would otherwise be appropriate, the fact that the requested fee award is actually less than the
24 lodestar amount demonstrates the requested fee is a reasonable percentage fee in this case.

25       10.    Class Counsel also seek reimbursement of $29,051.07 in advanced litigation costs, which
26 are documented in the declaration of Class Counsel.  Class Counsel are entitled to recover the out-of-
27 pocket costs and litigation expenses they reasonably incurred in investigating, prosecuting, and settling
28 this case.  *See In re Media Vision Tech. Sec. Litig.*, 913 F.Supp. 1362, 1366 (N.D. Cal. 1996).  The Court

1 finds that class counsel's out-of-pocket costs and expenses of $29,051.07 are documented, and
2 reasonable and necessary to the prosecution of this action.
3    11.   The Settlement Administrator, CPT Group, Inc., was utilized by the parties to provide
4 notice to the class and administer the settlement's terms consistent with the Court's prior order
5 preliminarily approving the Settlement.  The Court finds that CPT Group, Inc., has substantiated its fees
6 and costs and that the fees and costs are reasonable.
7    12.   FOR THE FOREGOING REASONS, the Court awards Class Counsel $103,250.00 in
8 attorney's fees and $29,051.07 in litigation expenses, awards Plaintiff Janice Insixiengmay $10,000.00
9 as a Representative Enhancement, and awards CPT Group, Inc., $13,500 in Settlement Administrator
10 Costs.  The amounts are to be paid from the Gross Settlement Amount pursuant to the terms and
11 timeframe set forth in the settlement agreement.
12    IT IS SO ORDERED.
13 Date: September 20, 2024

_____
Troy L. Nunley
United States District Judge