UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE INSIXIENGMAY, individually and on behalf of all other similarly situated employees,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HYATT CORPORATION DBA HYATT REGENCY SACRAMENTO, a Delaware Corporation; and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | **Case No. 2:18-cv-02993-TLN-SCR**<br><br>**<u>CLASS ACTION</u>**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT** |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

The Motion for Final Approval of Class Action and PAGA Settlement ("Motion") in the above referenced case came before this Court, on September 19, 2024, at 2:00 p.m., in Department 2, 15th Floor, before the Honorable Troy L. Nunley, presiding. Plaintiff Janice Insixiengmay ("Plaintiff") filed this putative class action on October 4, 2018. The operative Complaint alleges that Defendant Hyatt Corporation dba Hyatt Regency Sacramento ("Defendant") failed to pay overtime, failed to provide meal periods of premiums in lieu thereof, failed to provide rest periods or premiums in lieu thereof, failed to provide accurate wage statements, failed to timely pay final wages, and engaged in unfair competition. Plaintiff has also alleged Defendant is liable for a civil penalties under the Private Attorneys General Act ("PAGA") based on these violations. Plaintiff sought attorneys' fees and costs as part of this Action. Defendant denied all of Plaintiff's claims and denied that this case was appropriate for class treatment. No class has been certified. The class and PAGA settlement was preliminarily approved on March 12, 2024.

The parties have agreed to settle the class and PAGA claims. Defendant will provide monetary consideration in exchange for a release of claims consistent with the terms of the proposed settlement as set forth in the Joint Stipulation Regarding Class Action and PAGA Settlement and Release ("Agreement" or "Settlement"). Any capitalized terms herein shall have the same meaning as set forth in the Agreement. The Court, having received and considered Plaintiff's Motion for Final Approval of Class Action and PAGA Settlement, the declarations in support, the Agreement, the proposed Notice of Settlement, and other evidence, HEREBY ORDERS AND MAKES DETERMINATIONS AS FOLLOWS:

**I.  CERTIFYING A SETTLEMENT CLASS; APPOINTMENT OF CLASS REPRESENTATIVES; APPOINTMENT OF CLASS COUNSEL**

The Court finds that certification of the following class for settlement purposes only is appropriate under Rule 23(b)(3) and 23(e) of the Federal Rules of Civil Procedure and related case law:

> All non-exempt employees who are currently or were formerly employed by Defendant at the Hyatt Regency in Sacramento, California between October 4, 2014, and June 1, 2023

The Court recognizes that the foregoing definition is for Class Member identification purposes only and is not intended to capture the claims at issue or limit or alter the released claims under the Agreement.  A Class Member shall not include any individuals who timely opted out of the class settlement.  As stated in the declaration of Kaylie O'Connor of CPT Group, Inc., the Settlement Administrator, only one individual opted out of the class settlement:  Alexis Gutierrez.  This individual shall not be bound by the Agreement or any of the releases or obligations therein except for the releases and covenants regarding to the PAGA claims as set forth in sections 1.30 and 6.2 as they are still an Aggrieved Employee under the Agreement and there is no ability to opt out of a PAGA settlement.

The Court finds that Class Members meet the ascertainability and numerosity requirements since the parties can identify with a matter of certainty, based on payroll records, approximately 1,077 individuals that fall within the definition of Class Members who remain in the class after completing the notice and opt out process.  The number of Class Members involved in this case would make joinder impractical.  The commonality and predominance requirements are met for settlement purposes since there are questions of law and fact common to Class Members.  The common questions of law or fact in this case all stem from Plaintiff's contentions that Defendant caused the violations outlined above by failing to incorporate the value of all types of non-discretionary remunerations into Class Members' regular rates of pay for the purpose of paying overtime, paid sick time, and meal and rest period premiums.  Additionally, Plaintiff alleged the existence of scheduling practices and working conditions that she contended caused her and similarly situated employees to miss certain meal and rest periods they were legally entitled to.  The PAGA, waiting time penalty, wage statement violation, and unfair competition claims also derive from these violations.  Additionally, Class Members seek the same remedies under state law.  The typicality requirement for settlement purposes is also satisfied since the claims of the Class Representative are based on the same facts and legal theories as those applicable to the Class Members.

The Court also finds that certifying the settlement class is required to avoid each Class Member from litigating similar claims individually.  This Settlement will achieve economies of scale for Class Members with relatively small individual claims and conserve the resources of the judicial system.

1    The Court finds that Plaintiff Janice Insixiengmay and Plaintiff's counsel, Galen T. Shimoda
Justin P. Rodriguez, and Renald Konini of Shimoda & Rodriguez Law, PC, to be adequate
representatives of the settlement class.  The Court confirms their appointments as Class Representative
and Class Counsel, respectively.

### II. APPROVING CLASS ACTION AND PAGA SETTLEMENT

The Court has again reviewed the preliminarily approved Agreement, which was submitted with Plaintiff's Motion as Exhibit A.  The Court finds that final approval is warranted as the Settlement falls within the range of reasonableness and is fair, reasonable, and adequate for the Class.  The Court finds the Settlement was agreed upon only after extensive investigation, litigation, and arms-length negotiations by counsel experienced in complex litigation, who took reasonable steps and measures to weigh the potential value of the disputed claims against the risks of continued litigation.  Class Members were able to object to the Agreement and its terms through the settlement administration process and at the fairness hearing or opt out of being bound by the preliminarily approved Agreement.  No objections were made by Class Members and only one (1) Class Member opted out, less than one tenth of one percent of the total class.  Because the Court finds the Parties' settlement to have been agreed upon only after an extensive investigation and arms-length negotiations, the Court gives final approval to the Settlement and all terms therein as if stated here in full, including the $295,000 Gross Settlement Amount.

The Court approves of the Ten Thousand ($10,000) PAGA Payment, which shall be paid from the Gross Settlement Amount, not in addition to the Gross Settlement Amount, to resolve the alleged PAGA claims.  Seventy-Five percent (75%) of the PAGA Payment will be paid to the Labor and Workforce Development Agency ("LWDA") and Twenty-Five percent (25%) will be paid to Aggrieved Employees on a pro rata basis as described in the Agreement.  The Court also finds that, under the facts and circumstances of this case, the Agreement provides a recovery that creates an effective, substantial deterrent to any potential future non-compliance, furthering the purpose of the Labor Code and LWDA.

The Court approves of the identified *cy pres* beneficiaries and distribution plan wherein any checks issued to Participating Class Members and/or Aggrieved Employees that are not cashed by the deadline to do so shall be donated equally, *i.e.,* 50/50, to Capital Pro Bono, Inc., and the Center for

1   Workers' Rights.  *See In re Microsoft I-V Cases*, 135 Cal.App.4th 706, 718 (2006).  No portion of the
2   Gross Settlement Amount will revert to Defendant for any reason.
3         The releases and waivers for Class Members who did not opt out of being bound by the
4   Agreement (*i.e.,* Participating Class Members), Aggrieved Employees, and the Class Representative are
5   also approved by the Court as set forth in the Agreement.
6         Pursuant to the Court's Order Granting Preliminary Approval, Class Counsel filed a Motion for
7   Attorney's Fees and Costs, Representative Enhancement, and Settlement Administrator Costs on May 9,
8   2024, fifteen (15) days before the close of the Notice Period.  (Doc. Nos. 79 through 79-5).  Defendant
9   did not oppose these requests.  The Notice of Settlement sent to Class Members included information
10  regarding these amounts and that they would be requested in connection with final approval of the
11  Agreement.  Class Members have been given the opportunity to object to these amounts and no
12  objections have been submitted in any respect whatsoever.  Although the Court will address the specifics
13  of those requests by way of a separate order on that fee motion, those findings and determinations are
14  incorporated herein as if stated here in full.

### III.   APPROVAL OF THE DISTRIBUTION METHOD OF NOTICE TO THE CLASS, INCLUDING THE NOTICE OF SETTLEMENT

17        The Court finds that the Notice of Settlement fairly and adequately advised Class Members of
18  the terms of the Agreement, the rights being waived, their right to opt out, the ability to dispute the
19  number of workweeks worked during the Class Period, their pro rata share of the Net Settlement
20  Amount, how to participate in the settlement, how to file documentation in opposition to the proposed
21  settlement, and when to appear at the final fairness hearing.  The Court further finds that the Notice of
22  Settlement and distribution of such notice by maintaining a website accessible to Class Members and
23  sending copies of the Notice of Settlement by first class mail to each identified Class Member at his or
24  her most recent address based on a National Change of Address database search from the Class
25  Members' last known address and a skip trace on any Class Members who had the Notice of Settlement
26  returned as "undeliverable" or "not at this address" comported with all constitutional requirements,
27  including those of due process.  The Court finds that the notification procedures utilized was the best
28  notice practicable under the circumstances of this case.

## IV. IMPLEMENTATION SCHEDULE

Accordingly, with good cause shown, the Court hereby approves and orders that the following implementation schedule be adhered to:

| | |
|---|---|
| Last day for Settlement Administrator to calculate the final Net Settlement Amount, the final Individual Settlement Amounts for Participating Class Members and/or Aggrieved Employees, any applicable taxes thereon, and report the results of these calculations to Class Counsel and Defendant's Counsel | Within 7 calendar days after the Effective Date |
| Last day for Defendant to fund settlement | Within 30 calendar days after the Effective Date |
| Last day for Settlement Administrator to deliver payment of Class Counsel's attorney's fees and costs, Enhancement Payment, PAGA Payment, Settlement Administrator Costs, payment to Participating Class Members, and payment to Aggrieved Employees | Within 21 calendar days after Defendant has funded the settlement |
| Last day for Participating Class Members and Aggrieved Employees to cash settlement checks | 120 calendar days after issuance of checks to Participating Class Members and Aggrieved Employees |
| Last day for Settlement Administrator to deliver value of uncashed settlement checks to *cy pres* beneficiaries | Within 14 calendar days after settlement check cashing deadline |
| Last day for Settlement Administrator to provide Parties with compliance declaration | Within 21 calendar days after settlement check cashing deadline |

IT IS FURTHER ORDERED that this final approval order is effective as a judgment with each party to bear its own fees and costs outside of what has been ordered herein. This matter is subject to the Court's continuing jurisdiction to monitor and enforce the terms of this order and the approved Agreement.

A declaration from the Settlement Administrator shall be filed within 217 calendar days after the Effective Date, detailing the complete disbursement of funds in compliance with this Order.

IT IS SO ORDERED.

Date: September 20, 2024

_____
Troy L. Nunley
United States District Judge